AO 241
(Rev. 01/15)



**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District: South Carolina Greenville |
| Name (under which you were convicted): Stephens Jermain Alston | Docket or Case No.: 6:26-cv-02174-SAK-KFM |
| Place of Confinement: Ridgeland Correctional Institution | Prisoner No.: 357159 |
| Petitioner (include the name under which you were convicted): Stephens Jermain Alston | v. Respondent (authorized person having custody of petitioner): Warden, Ridgeland Correctional Institution |
| The Attorney General of the State of: South Carolina | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Court of General Sessions for Spartanburg County South Carolina

   (b) Criminal docket or case number (if you know): 2011-GS-42-3090

2. (a) Date of the judgment of conviction (if you know): ______

   (b) Date of sentencing: ~~March~~ September 19, 2013

3. Length of sentence: 25 years

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: Trafficking Cocaine (400 grams or more)

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? plea was not guilty to the single count

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: South Carolina court of appeals

(b) Docket or case number (if you know): N/A

(c) Result: Conviction confirmed

(d) Date of result (if you know): 2018

(e) Citation to the case (if you know): State v Alston 422 S.C 330, 811 SE.2d 784 (2018)

(f) Grounds raised:

probable Cause For the stop, prolonged detention and involuntary consent (Suppression issues)

(g) Did you seek further review by a higher state court? ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court: South Carolina Supreme court

(2) Docket or case number (if you know): N/A

(3) Result: conviction confirmed

(4) Date of result (if you know): march 7 2018

(5) Citation to the case (if you know): State v Alston 422 SC. 270, 811 SE 2d 747

(6) Grounds raised: (1) did court of Appeals erred in holding the trial judge properly denied petitioner motion to surpress evidence found in vehicle (2) court of appeal erred in finding the trial Judge properly denied petitoner motion to surpress bc of ~~Goatn~~ detention

(h) Did you file a petition for certiorari in the United States Supreme Court? ☑ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result: Affirmed Conviction

(3) Date of result (if you know): October 1 2018

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result: ______

(8) Date of result (if you know): ______

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: Affirmed Conviction

(8) Date of result (if you know): ____________

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☑ Yes ☐ No

(3) Third petition: ☑ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

____________

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Ineffective assistance of trial counsel, failing to litigate the unlawful prolongation of the traffic stop and involuntary consent

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

"See attachments page 18

____________

(b) If you did not exhaust your state remedies on Ground One, explain why: ____________

____________

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ~~Petition for writ of Certiorari~~ application for post conviction relief

Name and location of the court where the motion or petition was filed: Spartanburg, South Caroline

Docket or case number (if you know):

Date of the court's decision: march 16 2023

Result (attach a copy of the court's opinion or order, if available): denied relief

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Spartanburg South Carolina

Docket or case number (if you know):

Date of the court's decision: ~~June 7 2023~~ november 19 2025

Result (attach a copy of the court's opinion or order, if available): denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Supreme Court

**GROUND TWO:** Ineffective assistance of trial counsel, failing to ensure petitioners right to be present at trial, and failing to object to trial in absence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attachment. page 19

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: post conviction relief

Name and location of the court where the motion or petition was filed: Spartanburg South Carolina

Docket or case number (if you know):

Date of the court's decision: ~~June 7 2023~~ november 19, 2025

Result (attach a copy of the court's opinion or order, if available): denied

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Spartanburg South Carolina

Docket or case number (if you know):

Date of the court's decision: ~~June 7 2023~~ november 19 2025

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : ~~Supreme Court~~ NA

**GROUND THREE:** Ineffice assistance of trial counsel, failing to object to the amendment mid trial of petitioner indictment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

"See attachment" page 20-21

(b) If you did not exhaust your state remedies on Ground Three, explain why: ______________________

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: ______________________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: post Conviction relief

Name and location of the court where the motion or petition was filed: Spartanburg South Carolina

Docket or case number (if you know): ______________________

Date of the court's decision: ~~June 7 2023~~ november 19 2025

Result (attach a copy of the court's opinion or order, if available): ______________________

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Spartanburg Sout Carolina

Docket or case number (if you know): ______________________

Date of the court's decision: ~~June 7 2023~~ november 19 2025

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: NA

**GROUND FOUR:** Ineffective assistance of appellate counsel for failing to obtain and use the CAD/dispatch report presenting the prolonged detention

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attachment page 21-22

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: post conviction relief

Name and location of the court where the motion or petition was filed: Spartanburg, South Carolina

Docket or case number (if you know):

Date of the court's decision: november 19 2025

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Spartanburg South Carolina

Docket or case number (if you know):

Date of the court's decision: november 19 2025

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: NA

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

NA

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ______

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Andrew Johnston

(b) At arraignment and plea: Andrew Johnstun

(c) At trial: Andrew Johnston

(d) At sentencing: Andrew Johnston

(e) On appeal: Lara Caudy

(f) In any post-conviction proceeding: Susanna Ross

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☑ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Federal Sentence, South Carolina

(b) Give the date the other sentence was imposed: NA

(c) Give the length of the other sentence: 12 month

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Vacate or Time Served

or any other relief to which petitioner may be entitled.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on July 23, 2026 (month, date, year).

Executed (signed) on July 23, 2026 (date).

Stephen Alston
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Ground one: Ineffective assistance of trial Counsel, in violation of the Sixth amendment for failing to adequately litigate the unlawful prolongation of the traffic stop and involuntary consent to search

Supporting facts:
On march 28, 2011 Deputy Donnie Gilbert Stopped petitioner's vehicle on I-85 Petitioner's license and registration Cleared through dispatch, but Gilbert did not return them before requesting consent to search, testifying petitioner was "not free to leave" during this period. At trial, Gilbert testified on cross that he did not know what petitioner was involved in until he searched the vehicle (Tr. 84:21-22) a CAD/dispatch report showing the stop's timeline existed but was never used at the Suppression hearing or introduced at trial. At the PCR hearing trial counsel Andrew Johnston testified the CAD report would have made a difference in the Suppression outcome.

Ground Two: Ineffective assistance of trial counsel, in violation of the sixth amendment, for failing to ensure petitioner's right to be present at trial was validly waived and for failing to object to trial proceeding in petitioner's absence.

Supporting Facts:

On march 19, 2013 petitioner's trial proceeded in his absence. The trial court conducted an initial inquiry (Tr. 8-9) and ruled the next morning that trial would proceed (Tr. 102-103), after the bailiff called petitioner's name outside the courtroom with no response and a bench warrant issued for his arrest. Trial counsel Andrew Johnston testified he told petitioner the case was "high on the docket" but only implicitly told him to remain, without an explicit instruction to stay. Johnston did not object to proceeding in petitioner's absence and did not move for a continuance. At the PCR hearing Johnston acknowledged he should have argued the need for petitioner presence to testify on consent to search

Ground Three: Ineffective assistance of trial counsel, in violation of the Sixth amendment for failing to object to the mid-trial amendment of the indictment.

Supporting facts:
At Tr. 229-232 defense counsel Andrew Johnston moved for a directed verdict on several indictment theories for lack of evidence. The trial court narrowed the indictment to two remaining theories: bringing cocaine into the state, or knowingly having it in constructive possession. Johnston stated on the record this was satisfactory to the defense. Petitioner was not present at trial and was not consulted before counsel committed to this on the record. Petitioner raised counsel's failure to object to this amendment in his post-conviction relief proceeding. The state court ruled the claim waived because it was not raised before the jury was sworn. In his motion to Alter or Amend the judgment filed April 7, 2023 Petitioner argued the state court's order mischaracterized his claim as a general challenge to "flaws in the indictment

process" rather than addressing the specific Claim that counsel failed to object to the mid-trial amendment itself. The State's return did not substantively respond to this argument. The state court denied the motion to Alter or Amend in a one-sentence order dated June 7 2023, without addressing this point or explaining it's reasoning

Ground Four: Ineffective assistance of appellate counsel, in violation of the Sixth amendment, for failing to obtain and use the CAD/dispatch report in presenting the prolonged-detention issue on direct appeal.

Supporting facts:
Appellate Counsel Laura Caudy represented petitioner on direct appeal, raising the issue of prolonged detention during the stop and arguing in her brief that it's purpose was completed at approximately the 15 minute mark. At the PCR hearing, Caudy testified on redirect that she had never personally Seen the CAD/dispatch report and knew it's contents only Secondhand (PCR Hearing

Tr. 74-75; App 501-502), on cross relying only on the video and trial testimony without the CAD report, she testified she believed the stop was likely complete somewhere between six and eight minutes rather than the 15-minute mark argued in her brief, and that the stop was unnecessarily prolonged with the officer engaging in stalling tactics.

Ground Five: Ineffective assistance of trial and appellate Counsel - Cumulative effect, in violation of the Sixth amendment

Supporting Facts:
Petitioner incorporates by reference the facts stated in Ground One through Four above. In his motion to Alter or Amend the Judgment filed April 7, 2023 following denial of his post-conviction relief application Petitioner argued the combined effect of trial counsel's errors in Ground One through Three together with appellate counsel's errors in Ground Four, deprived him of a fair trial, even if no single error alone would have

Case No 6:26-CV-02174-SAC-KFM

warranted relief. The State court denied that motion in a one-sentence order dated June 7 2023, without addressing the Cumulative-effect argument or explaining it's reasoning.

Wherefore, Petitioner respectfully request that this court grant leave to file this Amended petition and accept the grounds as set fourth above

Respectfully Submitted,

Stepheno J Alston

Stepheno J Alston
SCDC No 357159
Ridgeland Correctional Institution
Petitioner, Pro Se
Date: July 23, 2026

23

# Grand five

Ineffective assistance of trial and appellate counsel- Cumulative effect; in violation of the Sixth Amendment

Supporting facts:
See attachment page 22-23

appealed: yes
post conviction: yes
Date: november 19 2025
result: Denied
Court: Court of Appeals South Carolina, Spartanburg